# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANIA MAHMOOD, | Civil Action No.: 09-2656 (DEA) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| JOSEPH NARCISO, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion pursuant to Fed. R. Civ. P. 54 and 68 for an award of costs incurred after Plaintiff rejected their Offer of Judgment. See docket entry no. 87.

The factual and procedural history of this matter is well known to the parties. Nonetheless, the Court provides the following summary. This action arose as a result of a motor vehicle accident in which Plaintiff was involved on June 12, 2007. Plaintiff filed suit against Defendants in the Superior Court of New Jersey on May 11, 2009. Defendants removed the action to this Court on June 2, 2008. Discovery was concluded in March 2011. Substantial pretrial motion practice followed.

Pursuant a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, filed September 16, 2011, this case was referred to this Court "to conduct all proceedings and order the entry of a final judgment in accordance with 28 USC §636 (c) and Fed. R. Civ. P. 73." [dkt. no. 33]

On November 22, 2011, Defendants served an Offer of Judgment pursuant to Fed. R. Civ. P., in the amount of $250,000.00.

The Final Pretrial Order was entered on August 14, 2012 [dkt. no. 78]. Trial commenced on August 20, 2012. During the second day of trial, outside of the presence of the jury, Plaintiff was questioned under oath by her counsel regarding the Defendants' Offer of Judgment. Plaintiff testified that she was aware of the offer, acknowledged that her attorney had recommended acceptance of the offer, understood the risks and consequences of a less favorable outcome, and unequivocally rejected the offer.

On August 24, 2012, the jury returned a verdict in favor of Plaintiff in the principal amount of $25,000.00. On September 4, 2012, the Clerk entered the Judgment on the docket [dkt. no. 86]. The instant Motion was filed on September 11, 2012. Plaintiff's Notice of Appeal was filed on November 7, 2012. On December 17, 2013, the United States Court of Appeals for the Third Circuit affirmed the Judgment "and all other rulings challenged by [Plaintiff]" [dkt. no. 112]. Based on the foregoing, the sole remaining issue to be addressed is Defendants' Motion for costs.

Fed. R. Civ. P. 68(d) states, "if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Here, based on the outcome of the trial, Defendants seek to recover the costs incurred for their experts to prepare for and testify at trial together with their attorneys' fees for attendance at trial from August 20 through 24, 2012.

As Defendants correctly point out, "[t]he award of costs is mandatory under the offer of judgment rule if plaintiff rejects defendant's offer of judgment and the judgment finally obtained by plaintiff is not more favorable than the offer and the rule leaves no room for court's discretion." See U.S. v. Trident Seafoods Corp., 92 F. 3d 855, cert. den. 519 U.S. 1109 (1996).

Defendants have submitted the invoices of their medical experts, Thomas K. Bills, M.D. ($7,500.00) and Eric L. Fremed, M.D. ($20,612.00) as well as that of their attorneys ($18,518.30), totaling $46,630.30. Plaintiff has not opposed Defendants' Motion nor has she challenged the quantum of the award sought.

Ancillary to Defendants' Motion, in a letter dated October 12, 2012 [dkt. no. 97], Plaintiff's trial counsel maintains that "Plaintiff's attorney's claim for costs and expenses trumps the defendant's right to offset the judgment by any subsequent claim for fees and costs." Specifically, Plaintiff's counsel seeks to recover his costs from the proceeds of the Judgment entered in favor of Plaintiff before it is offset against the Defendants' Offer of Judgment award. Defendants oppose the request that the Judgment to be paid directly to Plaintiff's counsel arguing, "[s]uch a ruling could eliminate the basis for the Offer of Judgment rule." See Defendants' Response filed October 8, 2012 [dkt. no. 96] at page 6. The Court agrees and, accordingly, the request of Plaintiff's counsel is denied.

Finally, Defendants request that no post judgment interest be permitted to accrue from the filing of the instant Motion through the date of this determination. The Court's determination to defer resolution of Defendants' motion while Plaintiff's appeal was pending should not work to the detriment of Defendants or the benefit of Plaintiff. Accordingly, post judgment interest is deemed to have stopped accruing as of October 4, 2012 and through the date hereof.

For the reasons stated, the foregoing is SO ORDERED.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

DATED: January 28, 2014